Cukia, per O’Neall, J.
The creditors of a deceased debtor, whether by judgment bond or simple contract, must, for the collection of their debts, proceed against the executor or administrator of their debtor. They have no right, at law, to claim payment from any one else; unless it may be that, in the case of a bond debt, a recovery might be had against the heirs on account of real estate descended. In equity, the rule is also uniform, that the executor or administrator of the debtor must be a party. The ordinary, in making up the accounts of an administrator at the instance of a creditor, cannot do so, unless he has the proper parties before him. Upon the death of an administrator, his administrator, is not accountable to the creditors of the first intestate. Against" him they have no right of action. Their remedy is against the administrator de bonis non of the first intestate, whose duty it is to have an account from the administrator of the first administrator. These rules are so plain and obvious, that I have not thought it worth while to look for authorities for their support. It will not do to say that creditors have the right to follow the funds of their debtor into the hands of any one who has them. They have no right to require them to be paid to their debts by any one except his administrator. During the life time of Colon M’Coll, the creditors of Duncan M’Coll, deceased, had the right to claim an account from him. On his death, their remedy, directly against him, was gone: through an administrator de bonis non of Duncan M’Coll, they might have the account. For at law, or before the ordinary, the administrator de bonis non was the only party entitled to demand the account. In equity, the creditors, by making him and the administrator of Colon M’Coll parties, might claim and have an account of both administrations.
The security of Colin M’Coll has the right to insist that his principal is only accountable to the administrator de bonis non of Duncan M’Coll, or in a case where he is a party. For it may be, as between them, there is a defence to the account which could not now be set up against the creditors. I do not know the relationship between Colin M’Coll and Duncan M’Coll: if it is so, that the former was the son of the latter, and in an account claim *351 ed by the administrator de bonis non of Duncan, Colin’s administrator could show that the administrator de bonis non, had assets sufficient to pay the debts, and that the fund in his intestate’s hands was not more than his share, then the court would not compel him to pay it over. But if the creditors have a right to proceed against him directly, then this defence could not avail him, he would be liable to the account on account of the assets in his hands. It is possible that in this case, that there are no grounds for the case supposed; but the rule of this case must reach others, and the supposition here, may be reality there; aud hence it is fair thus to test it.
The motion is granted.
Earle and Richardson, Justices, concurred.
Butler, J.
I do not like to see the substance of justice sacrificed to mere form, where form is not imperatively obligatory. The plaintiff’s demand is unquestionable. It consists of judgments recovered against Duncan M’Coll in his life time. As far as a court could establish such a demand by judgment, it has been done. Colin M’Coll, administrator of Duncan M’Coll, was liable to pay it in his life time ; and no one doubts but that the defendant’s securities will be held ultimately liable; for this obvious reason, that their intestate was the only person that ever had in his hands the assets of Duncan’s estate; and that he wasted them instead of applying them to the payment of plaintiff’s judgments, which were the oldest and first to be paid, according to law. The plaintiffs have shown that they have been injured by the conduct of Colin M’Coll, and that defendants, by signing the bond, bound themselves to be answerable for all his defaults as administrator. They took upon themselves the burthen of showing that no one else could have been held liable but Colin. After showing all this, they are to be turned out of court, that they may go through the idle form of suing one who has nothing to pay with, and has committed no default. If the plaintiffs had only shown that they had a demand by judgment against Duncan’s estate, it would not have *352 been sufficient to make Colin, or his securities liable. But when they showed that no other administrator de bonis non could be liable, it seems to me, they were fully entitled to have their judgment. The executor’s law gives any one who has been injured by an administrator the right to sue on the bond. It is broad in its provisions, and should not be frittered away by judicial decisions. For these reasons I dissent from the judgment of a majority of my brethren.
Graham, for the motion.
Dudley & Dargan, contra.
Evans, Justice, concurred.